UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL H. WRIGHT, | ) | Case No. 4:05CV2879 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| vs. | ) | |
| | ) | |
| PENNSYLVANIA LIFE INSURANCE COMPANY, | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| Defendant. | ) | |

The instant matter is before the Court on a motion for summary judgment filed by Defendant Pennsylvania Life Insurance Company. ECF Dkt. #18. For the following reasons, the undersigned DENIES Defendant's motion for summary judgment. *Id.*

**I.      FACTUAL AND PROCEDURAL HISTORY**

On September 13, 2002, Plaintiff Paul H. Wright ("Plaintiff") was injured in a semi-truck accident that he was driving when he fell asleep and ran off of the road. ECF Dkt. #18 at 3. As a result of the crash, Plaintiff suffered a wedged-shaped compression fracture of the 12th thoracic vertebrae and a superficial abrasion of the central forehead above the nose.

At the time of the accident, Plaintiff was insured by Defendant Pennsylvania Life Insurance Company ("Defendant").[1] The insurance policy ("Policy") in relevant part, contains definitions of motor vehicle injury and total disability as follows,

---

[1] In 1991, Plaintiff was issued the instant insurance policy by Executive Life Insurance Company to which Defendant is the successor in interest.

1

> MOTOR VEHICLE INJURY means accidental bodily injury sustained: (1) as the result of an accident to any Automobile, Truck, or Bus while you or your Covered Spouse are driving or riding within the passenger compartment; (2) directly and independently of disease, bodily infirmity or other causes; and (3) while this Policy is in force.
>
> \*\*\*
>
> TOTAL DISABILITY means that as the result of a Motor Vehicle Injury you or your Covered Spouse are unable to engage in any employment or occupation for which you or your Covered Spouse are or become qualified by reason of education, training or experience.

*See* ECF Dkt. #18, Attachment 2.

On September 13, 2002, Plaintiff filed a claim for benefits under the Policy. On November 25, 2002, Defendant advised Plaintiff that it had completed review of the claim for benefits and was making payment of those benefits under a reservation of rights under the Policy. As such, Defendant made monthly payments to Plaintiff pursuant to the Policy.

Defendant proceeded to conduct a review of medical information, records and documents from Plaintiff's doctors, hospitals and diagnostic facilities where Plaintiff was seen, for the purpose of determining whether it had an obligation to pay benefits under the Policy. Also, Oscar F. Sterle, M.D., a board certified orthopedist, conducted an independent medical evaluation. Defendant concluded that Plaintiff no longer met the definition of Total Disability under the Policy because the impairments which caused Plaintiff's disability were not due to the injuries sustained in the automobile accident in 2002 directly and independently of disease, bodily infirmity or other causes. Thus, on June 25, 2005, Defendant ceased making the disability payments to Plaintiff.

On or about November 16, 2005, Plaintiff filed suit in the Columbiana County Court of

Common Pleas alleging that Defendant improperly terminated his disability benefits. ECF Dkt. #1, Attachment 1. On December 14, 2005, Defendant removed the instant action to federal court and filed an answer with affirmative defenses and a jury demand. ECF Dkt. #1, 3. On January 13, 2006, the parties consented to the jurisdiction of the undersigned. ECF Dkt. #12. On August 10, 2006, Defendant filed the instant motion for summary judgment. ECF Dkt. #18. On September 11, 2006, Plaintiff filed a memorandum in opposition to summary judgment. ECF Dkt. #21.

## II.   STANDARD OF REVIEW

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *See Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6th Cir. 1982). Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C). In ruling on a motion for summary judgment, a court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). A court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of

3

material fact exists by informing the court of the basis for the motion, and must identify the portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting FED. R. CIV. P. 56(c)). This initial burden can be discharged by the moving party by showing that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he or she bears the ultimate burden of proof at trial. *See Celotex*, 477 U.S. at 323; *Morales v. American Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995).

If the moving party meets this burden, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* FED. R. CIV. P. 56(e). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Although the nonmoving party's evidence in opposition to summary judgment need not be of the sort admissible at trial, he must employ proof other than his pleadings and own affidavits to establish the existence of specific triable facts." *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990).

A movant is then entitled to summary judgment if the non-movant, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. *See Spells v. Cuyahoga Community College*, 889 F.Supp. 1023, 1026 (N.D. Ohio 1994). The district court does not have a duty to consider evidence in opposition to a summary judgment motion that the non-movant did not bring forth in opposition to the motion. *See Doddy v. Oxy USA, Inc.*,

101 F.3d 448, 463 (5th Cir. 1996). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *National Satellite Sports*, 253 F.3d at 907.

### III. ANALYSIS

Defendant argues that Plaintiff is unable to obtain further benefits from the Policy because Plaintiff's disability is not the result of a motor vehicle accident, directly and independently of disease or bodily infirmity. ECF Dkt. #18 at 9. Plaintiff, on the other hand, argues that he is currently disabled only because of the trauma resulting from the truck accident. ECF Dkt. #21 at 8.

A policy of insurance is a contract and is to be construed, like other contracts, according to the plain, ordinary meaning of its words. *Moyer v. Mutual Ben. Health & Acci. Ass'n*, 94 F.2d 457, 458 (6th Cir. 1938); *Westfield Ins. Co. v. Galatis*, 100 Ohio St. 3d 216, 2003 Ohio 5849, at P6 (Ohio 2003) (holding that reviewing courts must uphold the plain meaning of policy language unless an alternative meaning is readily apparent upon examination of the policy); *Olmstead v.. Lumbermens Mut. Ins. Co.* (1970), 22 Ohio St. 2d 212, 259 N.E. 2d 123 (Ohio 1970) (noting that when words in a policy of insurance have a plain and ordinary meaning, it is neither necessary nor permissible to resort to construction unless plain meaning would lead to an absurd result).

After reviewing the terms of the Policy, the Court finds that the language of the policy is clear and unambiguous. It provides disability benefits in the event that an insured suffers a motor vehicle injury ("MVI") from an accident involving any automobile while the insured or spouse is driving.[2] That MVI must be sustained directly and independently of disease, bodily

---

[2] Neither side disputes that Plaintiff was involved in an accident with a truck, while he was driving or that the accident occurred while the Policy was in force.

infirmity or other causes and the MVI must be sustained while the Policy is in force. The Policy further requires that Total Disability be the result of the MVI sustained.[3]

Applying that language to the facts of this case, the Policy requires that the MVI sustained by Plaintiff be sustained directly and independently of disease, bodily infirmity or other causes. The evidence shows, and the parties do not dispute, that Plaintiff sustained two injuries from the truck accident, superficial facial lacerations and a wedge-shaped compression fracture of the 12th thoracic vertebrae ("T12 fracture"). ECF Dkt. #17, Attachments 1-2 ("Cohen Deposition") at 41-42; 64. The T12 fracture meets the definition of MVI contained in the policy. The T12 injury is the result of the truck accident and it was sustained directly and independently of disease, bodily infirmity or other causes. *See* Cohen Deposition at 43, 64-65. In other words, the T12 fracture was the result of the accident itself and no disease, bodily infirmity or other cause that existed before or worked in conjunction with the accident to cause the T12 fracture. Plaintiff also has "underlying conditions that the trauma exacerbated." Cohen Deposition at 54; 45, 53, 59, 65. These "injuries" may have been caused by the accident in so far as they were aggravated by the accident; However, there is no evidence that they are independent of disease, bodily infirmity or other causes. This aggravation of existing disease, bodily infirmity or condition does not meet the definition of MVI contained in the Policy. Instead, the Policy language specifically narrows the scope of liability of Defendant by limiting the MVI to injuries sustained *independently* of disease and bodily infirmity and other causes.[4]

---

[3] The clause "directly and independently of disease, bodily infirmity or other causes" modifies MVI only. The definition of Total Disability contains no similar requirement.

[4] The Court has reviewed the cases put forth by Defendant, but finds them unpersuasive. *See Parks v. Executive Fund Life Ins. Co.*, 1994 WL 725923 (Ohio App. Ct. 1994); *Hulcher v. United Trans. Union Ins. Assoc.*, 1982 WL 3754 (Ohio App. Ct. 1982); *Venable v. Aetna Life*

Thus, with only the T12 injury fitting the definition of MVI according to the Policy, the Court turns its attention to the "Total Disability" language of the policy. Substituting "T12 injury" for MVI, the definition of Total Disability is thus: Total Disability means that as the result of the T12 injury you are unable to engage in any employment or occupation for which you are or become qualified by reason of education, training or experience. *See* Policy. The Policy in this case insures against Total Disability that is the result of the MVI, not Total Disability that is the result of MVI plus pre-existing causes or conditions.

Defendant has presented evidence that Plaintiff's current disability is not the result of the T12 injury, but is instead the result of the combination of Plaintiff's pre-existing medical conditions and the T12 injury. Plaintiff's treating physician opined that "all [of] the conditions combined to cause [Plaintiff's] impairment with the addition of the trauma." Cohen Deposition at 54, 56, 59, 72. He further opined that he could not separate the contributing causes of disability in this case: "...I don't know how you separate out the trauma to the spine, spinal stenosis, T12 fracture, to the osteoarthritis and the trauma involved with that, and the spastic paraparesis[.]" Cohen Deposition at 56. When the existing conditions co-operate with the accident trauma and injury to cause disability, the accident injury itself can not be considered the cause of the disability. Further, there are facts in the record that indicate that the T12 injury has healed. *See* Cohen Deposition at 66, 68-69; ECF Dkt. #18, Attachment 5. Also, Defendant has produced a report by an independent medical consultant who reviewed Plaintiff's file and found that the T12 injury has healed without complications and his present condition is due to other medical issues. ECF Dkt. #17, Attachment 3 at 26-35; ECF Dkt. #18, Attachment 5. To be sure,

---

*Ins. Co.*, 174 Ohio St. 366 (1963). None of the Ohio Courts have interpreted the "direct and independently" phrase as used in the instant Policy.

the accident and the T12 injury did nothing to help Plaintiff's overall health condition and exacerbated his myriad of conditions, but the policy language requires more than a causal relationship. *See* Cohen Deposition at 45, 53, 59, 65.

Therefore, in order to escape summary judgment, there must be some evidence in the record to support the claim that Plaintiff is disabled "as the result of" the T12 injury. In this case there are some facts to support the contention that Plaintiff's current disability is the result of the T12 injury itself. Plaintiff's treating physician, in refutation of the independent medical examiner's conclusions, states that Plaintiff is at his maximum medical improvement which "includes a disability of at least 50 to 75 percent of him being able to do any remunerative employment and any type of work from the T12 fracture." Cohen Deposition at 71-72; ECF Dkt. #18, Attachment 4 at 6-7. Further, Plaintiff's treating physician has also stated constant permanent pain is possible from the T12 injury. *See* Cohen Deposition at 70-71. Also, Plaintiff underwent a procedure known as a kyphoplasty which is done to alleviate pain which suggests that the T12 injury is not without residual effects. Cohen Deposition at 70-71. Thus, an issue of fact remains as to whether Plaintiff is disabled "as the result of a Motor Vehicle Injury."[5]

The Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). Therefore, construing the evidence in a light most favorable to Plaintiff, reasonable minds can differ as to whether Plaintiff is disabled due to numerous conditions that may or may not have been aggravated by the truck accident plus the T12 injury, or whether Plaintiff is disabled due to the T12 injury itself.

---

[5] The Court does not pass judgment on whether Plaintiff is in fact "Totally Disabled" under the terms of the Policy.

8

**IV.** **CONCLUSION**

Based upon the foregoing, the undersigned DENIES Defendant's motion for summary judgment. *See* ECF Dkt. #18.

IT IS SO ORDERED.

SIGNED and ENTERED on this 9th day of November, 2006.

                                                 */s/George J. Limbert*
                                                 GEORGE J. LIMBERT
                                                 United States Magistrate Judge